UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-11273-RGS

LUANITA LANE

v.

MAYOR MICHELLE WU, BRITTANY VO, LONDON LEE, STEVE LEE, RANDI H. GOLDMAN, MICHELLE WU'S MOTHER, MICHELLE WU'S AUNT and MICHELLE WU'S FATHER

MEMORANDUM AND ORDER

July 8, 2024

STEARNS, D.J.

Plaintiff, proceeding *pro se*, has filed a complaint against eight defendants with a motion for leave to proceed *in forma pauperis*. For the reasons stated below, the Court will allow the motion for leave to proceed *in forma pauperis*, dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and warn Lane that if she continues to file frivolous claims, she may be sanctioned.

BACKGROUND

Plaintiff Luanita Lane, a resident of Boston, initiated this action using the preprinted Pro Se 1 form (complaint for a civil case) provided by the Administrative Office of the United States Courts. Complaint ("Compl."). The case caption of the complaint identifies the defendant as "Mayor Michelle Wu." *Id*. at ¶ I(B). The body of the complaint identifies additional defendants including attorneys, social workers and Mayor Wu's mother,

father and aunt. *Id.* at ¶ I(B). In the section of the complaint for basis of jurisdiction, Lane checks the box for federal question. *Id.* at ¶ II. In the section for federal question jurisdiction, she writes "It's illegal to place a medical device inside my inner body without my knowledge, to insert a[n] illegal medical eye devices behind my inner eyes, steal my blood, my ovaries that makes my babies, glands and corrupt my family by my eyes and, send sex offenders to attack and take my son on the birth of his born birthdate and produce my overie (sic) baby to switch my real biological birth son." *Id.* at ¶ II(A).

For the statement of claim, she writes in part that when Lane "was around the age of 34 year old, Mayor Wu's father was part of [Lane's] eye operation that was done at Children's Hospital [and that he was supposed] to fix [Lane's] eye." *Id.* at ¶ III. Lane states that "Mayor Wu [was] to pull the illegal devices out of [Lane's] inner body." *Id.* at ¶ IV. Lane states that "Brittany Vo - a social worker that did her job wrong and removed [Lane's] minor child out of [her] custody in an illegal contract from an apartment, London Lee, is connected to the apartment and the people that had a contract to remove my minor son TJ, as of retaliation, Steven Lee, a[n] attorney, also connected to the corrupting from the apartment." *Id.* Lane states that Mayor Wu's mother was Lane's "old probation officer from Peabody court." *Id.*

2

Lane's allegations continue on two, single spaced pages that are attached to the complaint. *Id.* at 7 - 8.

The court's records indicate that this is one of six *pro se* actions filed by Luanita Lane this year. *See Lane v. Walsh, et al.*, No. 24-11275-JEK (pending); *Lane v. Collins, et al.*, No. 24-11272-AK (pending); *Lane v. Baker, et al.*, No. 24-11271-AK (pending); *Lane v. Children Hospital*, No. 24-10627-WGY (dismissed Apr. 30, 2024); *Lane v. Baker, et al.* No. 24-10359-JCB (pending). In 2022, Lane filed ten cases that were dismissed or remanded to state court. *See Lane v Boston Children Hospital, et al.*, No. 22-11230-NMG, Doc. No. 4, n 1. (collecting cases).

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Lane submitted an application to proceed in district court without prepaying fees or costs (also referred to as a motion or application to proceed *in forma pauperis*). Based upon Lane's financial disclosures, she will be permitted to proceed *in forma pauperis*.

## REVIEW OF THE COMPLAINT

Because Lane is proceeding *in forma pauperis*, the court must dismiss a complaint if the plaintiff has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim on which relief can be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i). "A claim is frivolous . . . 'if the facts alleged are

clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.'" *Miller v. Kennebec Cnty. Sheriff's Dept.*, 54 F.3d 764 (1st Cir. 1995) (quoting *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992) (quotations and citations omitted). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. *Axcella Building Realty Trust v. Thompson*, No. 23-40151-DHH, 2024 WL 474539, at n. 2 (D. Mass. Jan. 25, 2024). "Rather, in legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

In conducting its review, the court must liberally construe the complaint because plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## DISCUSSION

Here, even with a generous reading of the complaint, it does not meet the screening requirements of 28 U.S.C. §1915(e). Upon consideration of the allegations set forth in the complaint, the court finds that the complaint lacks an arguable basis in law or in fact and therefore is subject to dismissal under 28 U.S.C. § 1915(e)(2).

In light of the nature of the allegations in the complaint and plaintiff's litigation history, the court finds that amendment would be futile. *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 23 (1st Cir. 2014)

(explaining that *sua sponte* dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

Accordingly, and pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the action will be dismissed. In addition, Lane is <u>WARNED</u> that if she continues to file frivolous claims, she may be sanctioned, including but not limited to monetary sanctions and enjoinment from filing actions in this district without leave of court.

## ORDER

For the foregoing reasons, it is hereby ordered as follows:

1. The motion for leave to proceed *in forma pauperis* is ALLOWED.
2. This action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).
3. The clerk is directed to enter a separate Order of Dismissal.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE